# EXHIBIT INDEX
*United States v. Rufino Peralta-Sanchez*
*14-CR-1308-LAB*

## DOCUMENT

**Exhibit A**    Notice to Appear, 04/14/99

**Exhibit B**    Order of Immigration Judge, 06/07/99

**Exhibit C**    Probable Cause Statement, 05/26/12

**Exhibit D**    Notice of Intent/Decision to Reinstate Prior Order, 05/26/12

**Exhibit E**    Complaint, 12-MJ-8569, 05/29/12

**Exhibit F**    Judgment, 12-CR-2552, 07/18/12

**Exhibit G**    Order of Expedited Removal & Departure Verification, 07/18/12

# EXHIBIT A

U.S. Department of Justice  
Immigration and Naturalization Service

**Notice to Appear**

In removal proceedings under section 240 of the Immigration and Naturalization Act

File No: _____A 92 688 996_____

In the Matter of:

Respondent: __PERALTA-Sanchez, Rufino_____ currently residing at:

__CALIFORNIA DEPARTMENT OF CORRECTIONS_____  _____
(Number, street, city, state and ZIP code)                                        (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☒ You have been admitted to the United States, but are deportable for the reasons states below.

The Service alleges that you:

PLEASE SEE ATTACHED CONTINUATION SHEET FOR ALLEGATIONS

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

PLEASE SEE ATTACHED CONTINUATION SHEET FOR CHARGES

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice _____

_____TO BE SET_____
(Complete Address of Immigration Court, Including Room Number, if any)

on _____ at _____ to show why you should not be removed from the United States based on the
   (Date)        (Time)
charge(s) set forth above.

_MICHAEL TOMS  DEPUTY IHP DIRECTOR_
(Signature and Title of Issuing Officer)

Date: __4-14-99__

_BAKERSFIELD, CALIFORNIA_
(City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97)

145

U.S. Department of Justice  
Immigration and Naturalization Service

Continuation Sheet for Notice to Appear

Respondent: PERALTA-Sanchez, Rufino          File No: A 92 688 996

Allegations continued:

1. You are not a citizen or national of the United States.
2. You are a native of Mexico and a citizen of Mexico.
3. You entered the United States at or near Calexico, California on or about Unknown date in 1979.
4. You were not then admitted, paroled or inspected by an Immigration Officer.
5. You were admitted to the United States at San Francisco, California on December 1, 1990 as a Lawful Permanent Resident.
6. You were, on February 5, 1996, convicted in the Superior Court of California, in and for the County of Modesto, for the offense of DUI w/ Priors, in violation of Section 23152a/ 23175 of the California Vehicle Code.
7. For that offense, you were sentenced to confinement for a period of 16 months.

Charges continued:

Section 237(a)(2)(A)(iii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43) of the Act.

Signature: [signed]   Title: Deputy IHP Director

FORM I-831(Rev 4-1-97)N

4-14-99

_____ of _____ Pages

146

# EXHIBIT B

IMMIGRATION COURT
1705 E. HANNA RD.
ELOY, AZ  85231

In the Matter of

                           Case No.: A92-688-996

PERALTA-SANCHEZ, RUFINO
   Respondent                    IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jun 7, 1999.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to MEXICO
     or in the alternative to
[ ]  Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to
[ ]  Respondent's application for voluntary departure was granted until
     upon posting a bond in the amount of $ _____
    with an alternate order of removal to
[ ]  Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ]  Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[ ]  Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.
[ ]  Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.
[ ]  Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other:
    Date: Jun 7, 1999
    Appeal: WAIVED    Appeal Due By:

                                            WILLIAM L. ABBOTT
                                            Immigration Judge

SAC

# EXHIBIT C

## PROBABLE CAUSE STATEMENT

I, Border Patrol Agent Timothy D. Hinman declare under penalty of Perjury, the following is true and correct:

The complainant states this complaint is based upon the investigative report of Border Patrol Agent (BPA) J. Heras that defendant Rufino PERALTA-Sanchez (PERALTA), was found in the United States and arrested on May 25, 2012, near Calexico, California.

At approximately 11:00 p.m., BPA C. Whittemore encountered PERALTA, in the United States, approximately 11 miles west of the Calexico, California West Port of Entry. BPA C. Whittemore identified himself as a BPA and questioned PERALTA as to his citizenship. BPA C. Whittemore ascertained PERALTA to be a citizen of Mexico without the proper documentation to remain, work, or reside in the United States legally. BPA C. Whittemore placed PERALTA under arrest.

Records checks revealed PERALTA was ordered removed, and was removed by an Immigration Judge, from the United States to Mexico on June 07, 1999.

There is no evidence shown PERALTA has applied for and sought or received permission from the United States Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States after being previously removed.

Executed on May 26, 2012 at 11:00 a.m.

_____
Timothy D. Hinman
Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on May 25, 2012 in violation of Title 8, United States Code 1326.

_____
Hon. Jan M. Adler
United States Magistrate Judge

11:21 AM, May 26, 2012
_____
Date/Time

(2)

# EXHIBIT D

U.S. Department of Homeland Security

## Notice of Intent/Decision to Reinstate Prior Order

File No. A092 688 996
Event No ▓▓▓▓▓▓▓▓▓▓
FINS # ▓▓▓▓▓▓▓▓▓▓
Date: May 26, 2012

Name: RUFINO PERALTA-SANCHEZ

In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 CFR 24 1.8, you are hereby notified that the Secretary of Homeland Security intends to reinstate the order of ___REMOVAL___ entered against you. This intent is based on the following determinations:
(Deportation / exclusion / removal)

1. You are an alien subject to a prior order of deportation / exclusion / removal entered on ___June 07, 1999___ at
(Date)
___ELOY, ARIZONA___
(Location)

2. You have been identified as an alien who:

   [X] was removed on ___May 23, 2012___ pursuant to an order of deportation / exclusion / removal.
   (Date)

   [ ] departed voluntarily on _____ pursuant to an order of deportation / exclusion / removal on or
   (Date)
   after the date on which such order took effect (i.e., who self-deported).

3. You illegally reentered the United States on or about ___May 25, 2012___ at or near ___CALEXICO, CALIFORNIA___
(Date)                          (Location)

In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order. You may contest this determination by making a written or oral statement to an immigration officer. You do not have a right to a hearing before an immigration judge.

*The facts that formed the basis of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien in the* ___SPANISH___ *language.*

___JUAN RAUL HERAS___
(Printed or typed name of official)

_____
(Signature of officer)

___Border Patrol Agent___
(Title of officer)

### Acknowledgment and Response

I [ ] do [X] do not wish to make a statement contesting this determination.

___5/26/12___           ___Rufino P Sanch___
(Date)                  (Signature of Alien)

### Decision, Order, and Officer's Certification

Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.

___May 26, 2012___   ___IMPERIAL, CALIFORNIA___    _____
(Date)                (Location)                   (Signature of authorized deciding official)

___KEVIN C. GELLER___                              ___PATROL AGENT IN CHARGE (ACTING)___
(Printed or typed name of official)                (Title)

Form I-871 (Rev. 08/01/07)

101

# EXHIBIT E

FILED
MAY 29 2012
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Rufino PERALTA-Sanchez,<br><br>Defendant. | Case No. '12MJ8569<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found In the United States |

The undersigned complainant being duly sworn states:

On or about May 25, 2012, within the Southern District of California, defendant, Rufino PERALTA-Sanchez, an alien, who previously had been excluded, deported and removed from the United States to Mexico was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Section 202(3) and (4), and (557)), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states this complaint is based on the attached Probable Cause Statement, which is incorporated herein by reference.

TIMOTHY D. HINMAN
BORDER PATROL AGENT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, 29th DAY OF MAY 2012.

**PETER C. LEWIS**

HON. PETER C. LEWIS
U.S. MAGISTRATE JUDGE

(1)

# EXHIBIT F

≈AO 245B   (Rev. 12/11) Judgment in a Criminal Petty Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

12 JUL 18 AM 11: 52

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| RUFINO PERALTA-SANCHEZ (1) | Case Number: 12CR2552-WVG |
| | Steven Brody of Federal Defenders Inc. |
| | Defendant's Attorney |

REGISTRATION NO. 59748097

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) 1 of the Superseding Misdemeanor Information

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 8 USC 1325 | IMPROPER ENTRY BY AN ALIEN | 1 |

The defendant is sentenced as provided in pages 2 through __2__ of this judgment.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) 1 of the Information _____ is ☒ are ☐ dismissed on the motion of the United States.
☒ Assessment: $10 - waived

☒ Fine waived     ☐ Forfeiture pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

JULY 17, 2012
Date of Imposition of Sentence

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

12CR2552-WVG

Case 3:14-cr-01308-LAB   Document 13-2   Filed 05/27/14   PageID.60   Page 15 of 19
Case 3:12-cr-02552-WVG   Document 24   Filed 07/18/12   Page 2 of 2

AO 245B    (Rev. 12/11) Judgment in Criminal Petty Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __2__

DEFENDANT: RUFINO PERALTA-SANCHEZ (1)
CASE NUMBER: 12CR2552-WVG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

Time Served

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

   Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

12CR2552-WVG

# EXHIBIT G

U.S. Department of Homeland Security                Notice and Order of Expedited Removal

## DETERMINATION OF INADMISSIBILITY

Event Number: ███████

File No: A092 688 996

Date: July 18, 2012

In the Matter of: RUFINO PERALTA-SANCHEZ

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☐ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1) You are not a citizen or national of the United States;

2) You are a native of Mexico and a citizen of Mexico;

3) You attempted to enter the United States without inspection at or near Calexico, CA on or about May 25, 2012;

4) You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act.

...(CONTINUED ON I-831)

RANDY CALLAHAN
Deportation Officer
Name and title of immigration officer (Print)      Signature of immigration officer

---

## ORDER OF REMOVAL
### UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

JULIO HERNANDEZ
SUPERVISORY DEPORTATION OFFICER
Name and title of immigration officer (Print)      Signature of immigration officer

JOSEPH T. GREENE
ASST. FIELD OFFICE DIRECTOR
Name and title of supervisor (Print)      Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

### CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on  7/18/12
                                                                                    (Date)

Signature of immigration officer

Form I-860 (Rev. 08/01/07)

| U.S. Department of Homeland Security | | Continuation Page for Form I-860 |
|---|---|---|
| Alien's Name<br>RUFINO PERALTA-SANCHEZ | File Number<br>A092 688 996<br>Event No: | Date<br>July 18, 2012 |

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
===============================================================================

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

| Signature *Randy Callahan*<br>RANDY CALLAHAN | Title<br>Deportation Officer |
|---|---|

2 of 2 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

111

FINS: 903188577

| U.S. Department of Homeland Security | Notice to Alien Ordered Removed/Departure Verification |
|---|---|

Event No: [redacted]
File No: 092688996
Date: 07/18/2012

Alien's full name: Rufino PERALTA-SANCHEZ

You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States

☒ for a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act.

☐ for a period of 10 years from the date of your departure from the United States as a consequence of your having been ordered removed in proceedings under any section of the Act other than section 235(b)(1) or 240, or of your having been ordered excluded under section 236 of the Act in proceedings commenced prior to April 1, 1997.

☐ for a period of 20 years from the date of your departure from the United States as a consequence of your having been found Inadmissible and of your having been previously excluded, deported, or removed from the United States.

☐ at any time because in addition to having been found inadmissible, you have been convicted of a crime designated as an aggravated felony.

After your deportation or removal has been effected, if you desire to reenter the United States within the period during which you are barred, you must request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States. You must obtain such permission before commencing your travel to the United States. Application forms for requesting such permission may be obtained by contacting any United States Consulate or office of the United States Department of Homeland Security.

WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Secretary of Homeland Security's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.

CALLAHAN, Randy     [signature]     Deportation Officer         DHS/ICE
(Signature of officer serving warning)    (Title of officer)         (Location of DHS office)

## Verification of Removal
(Complete this section for file copy only)

| Departure date 07/18/2012 | Port of departure SYS POE | Manner of departure AFOOT |
|---|---|---|
| Signature of verifying officer [signature] | | Title of Officer IEA |

RUSINO P SANCHEZ
(Signature of alien whose fingerprint and photograph appear above)

[signature] Randy Callahan
(Signature of official taking fingerprint)

Photograph of alien removed

Right index fingerprint of alien removed

Form I-296 (08/01/07)

106