LAURA E DUFFY
United States Attorney
MICHELLE L. WASSERMAN
Assistant U.S. Attorney
California Bar No.: 254686
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8431
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 14CR1308-LAB |
| Plaintiff, | Date: June 9, 2014 |
| v. | Time: 2:00 P.M. |
| RUFINO PERALTA-SANCHEZ, | **UNITED STATES' MOTIONS IN LIMINE TO:** |
| Defendant | |

1. EXCLUDE WITNESSES EXCEPT THE CASE AGENT;
2. ADMIT A-FILE DOCUMENTS AND TESTIMONY BY THE A-FILE CUSTODIAN;
3. ADMIT TESTIMONY CONCERNING PUBLIC DATABASE SEARCHES;
4. ADMIT DEFENDANT'S POST MIRANDA STATEMENTS;
5. ADMIT DEFENDANT'S BIRTH CERTIFICATE,
6. ADMIT EXPERT TESTIMONY;
7. ADMIT EVIDENCE UNDER RULE 609;
8. ADMIT MULTIPLE REMOVALS AND PRIOR ILLEGAL ENTRIES;
9. ADMIT DEFENDANT'S CONVICTION DOCUMENTS FROM HIS PRIOR 1325;

10. PRECLUDE EVIDENCE NOT
    PRODUCED PURSUANT TO RULES
    16 AND 26.2;
11. PRECLUDE EVIDENCE OF
    VOLUNTARY INTOXICATION;
12. PRECLUDE EVIDENCE OF DURESS
    OR NECESSITY; AND
13. PROHIBIT CERTAIN REFERENCES
    MADE BY DEFENDANT AND
    DEFENSE COUNSEL.

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Michelle L. Wasserman Assistant United States Attorney, and hereby files its Motions in Limine in the above referenced case. These motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: June 2, 2014.

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

 s/ *Michelle L. Wasserman*
MICHELLE L. WASSERMAN

Assistant United States Attorney

LAURA E DUFFY
United States Attorney
MICHELLE L. WASSERMAN
Assistant U.S. Attorney
California Bar No.: 254686
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8431
Attorneys for the United States

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 14CR1308-LAB |
| Plaintiff, | Date: June 9, 2014 |
| v. | Time: 2:00 P.M. |
| RUFINO PERALTA-SANCHEZ, | **UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant | |

## I

## STATEMENT OF THE CASE

On May 7, 2014, a federal grand jury returned an Indictment charging Rufino Peralta-Sanchez ("Defendant") with one count of Improper Entry by an Alien, in violation of 8 U.S.C. § 1325 and one count of Removed Alien Found in the United States, in violation of 8 U.S.C. § 1326. On May 13, 2014, Defendant was arraigned on the Indictment and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

**A. Defendant's Apprehension**

On March 7, 2014 at approximately 11:20 P.M., Border Patrol Agent Eduardo Jacobo, who was monitoring the Remote Video Surveillance System, spotted two individuals hiding in the brush approximately 50 yards south of Highway 98, near Calexico, California. Agent Jacobo communicated his discovery of the two individuals through the radio. Border Patrol Agent Frank Reece responded to the area where the operator had last seen the two individuals. Agent Reece was unable to locate the two individuals, but was able to track their footsign. He and other agents then proceeded to follow the two individuals for approximately four hours, ultimately to a location approximately six miles north of the U.S./Mexico border, just south of Old Highway 80. Defendant was apprehended at approximately 4:20 A.M. Once he located the two individuals, Agent Reece conducted a field inspection of both individuals. Both individuals, including one later identified as Defendant, admitted to being Mexican citizens with no legal right to enter or remain in the United States. Agent Reece placed Defendant under arrest. Subsequent record checks revealed that Defendant had a criminal and immigration history.

**B. Defendant's Confession**

Defendant waived his Miranda rights at approximately 7:25 A.M. Post-arrest Defendant admitted that he was born in Mexico, that he had no legal documents to enter the United States, that he had been previously deported, that he had not received permission from the Attorney General or the Secretary of Homeland Security to be admitted again to the United States, that he had reentered the United States illegally, and that he was headed to Fresno, California.

## C. Defendant's Immigration History

Defendant has been deported six times. He was first ordered deported by an immigration judge June 7, 1999. This order was reinstated December 4, 2001, July 6, 2004, and May 23, 2012. He was given an Expedited Removal July 18, 2012, and this order was reinstated January 30, 2014.

## D. Defendant's Criminal History

Defendant has a lengthy criminal history dating back to 1989 that includes six DUI convictions and a felony conviction for possession of cocaine. Specifically, in April, 1991 he was convicted of misdemeanor DUI, in violation of Cal. Vehicle Code § 23152(b), for which he was sentenced to 90 days jail and three years' probation. In April, 1991 he gained another conviction for misdemeanor DUI, in violation of Cal. Vehicle Code § 23152(b), for which he was sentenced to 30 days jail and three years of probation. In May, 1991, he was again convicted of misdemeanor DUI, in violation of Cal. Vehicle Code § 23152(b), and being an unlicensed driver, in violation of Cal. Vehicle Code § 12500(a), for which he was sentenced to 120 days jail and 5 years' probation. In July 1993, he was once again convicted of misdemeanor DUI, in violation of Cal. Vehicle Code § 23152(b), as well as Driving with a Suspended License, in violation of Cal. Vehicle Code § 14601.for which he was sentenced to 365 days jail. In November 1993, he was convicted of misdemeanor DUI, in violation of Cal. Vehicle Code § 23152(b), and being an unlicensed driver, in violation of Cal. Vehicle Code § 12500(a), for which he was sentenced to 180 days jail and five years' probation. In March 1996, he was convicted of felony DUI, in violation of Cal. Vehicle Code § 23152(a), for which he received 16 months prison. In February 2000 he was convicted of felony possession of a controlled substance in violation of California Health and Safety Code § 11350,

and felony DUI in violation of Cal. Vehicle Code § 23152(b) and sentenced to 28 months prison.

Defendant also has four prior immigration convictions, including a misdemeanor illegal reentry conviction from September, 2000 from the Eastern District of California, for which he received six months imprisonment, a conviction under 8 U.S.C. § 1326 from October, 2002 from the District of Arizona, for which he received 30 months imprisonment, another misdemeanor illegal reentry conviction from July, 2012 from the Southern District of California for which he received 53 days custody, and a felony illegal reentry conviction from November 2012 that was before this Court, for which he received 21-months custody, and for which he is still on supervised release.

## III

## MEMORANDUM OF POINTS AND AUTHORITIES

## A. THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE UNITED STATES' CASE AGENT

"[A] person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. Fed. R. Evid. 615. Here, the case agent has been critical to the investigation and is considered by the United States to be an integral part of the trial team. Unless the Defendant can make a similar showing as to any of its witnesses, the United States requests that Defendant's testifying witnesses be excluded during trial.

## B. THE COURT SHOULD ADMIT A-FILE DOCUMENTS AND TESTIMONY

The United States intends to offer documents from the Alien Registration File, or "A-File," that correspond to Defendant's name and A-number in order to establish Defendant's alienage and prior deportation as well as the lack of documentation showing that Defendant had not sought or obtained authorization from the Secretary of the Department of Homeland Security to reenter the United States at the time he was found in the United States. The documents in the A-File are self-authenticating "public records," Fed. R. Evid. 803(8)(B), or, alternatively, "business records." Fed. R. Evid. 803(6).

The Ninth Circuit addressed the admissibility of A-File documents in United States v. Loyola- Dominguez, 125 F.3d 1315 (9th Cir. 1997). There, the defendant appealed his § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from his A-File. Id. at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the Defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation. The defendant argued that admission of the A-File documents violated the rule against hearsay, and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. Id. at 1318. The court first noted that documents from a Defendant's immigration file, although "made by law enforcement agents . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." Id. (quoting United States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such documents are self-authenticating and,

therefore, do not require an independent foundation.  Id.

The Ninth Circuit has consistently held that documents from a defendant's immigration file are relevant in a § 1326 prosecution to establish the defendant's alienage and prior deportation and admissible under the public records exception to the hearsay rule.  See United States v. Contreras, 63 F.3d 852, 857-58 (9th Cir. 1995) (district court properly admitted warrant of deportation, deportation order and deportation hearing transcript); United States v. Hernandez-Rojas, 617 F.2d at 535 (district court properly admitted warrant of deportation as public record); United States v. Hernandez-Herrera, 273 F.3d 1213, 1217 18 (9th Cir. 2001) ("deportation documents are admissible to prove alienage under the public records exception to the hearsay rule"); United States v. Dekermenjian, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (district court properly admitted "certain records and memoranda of the Immigration and Naturalization Service" as business records, noting that records would also be admissible as public records).

The public records exception is "a firmly rooted exception to the hearsay rule" and the admission of these records into evidence would not violate the Confrontation Clause.  Hernandez-Herrera, 273 F.3d at 1218 (citing Contreras, 63 F.3d at 857); see also Crawford v. Washington, 124 S. Ct. 1354, 1367 (2004) (admission of business records would not violate the Confrontation Clause because business records are not "testimonial" in nature).   Furthermore, the public records exception is one of the few hearsay exceptions that does not require a foundation.  Id.  Documents that fall under the public records exception "are presumed trustworthy, placing 'the burden of establishing untrustworthiness on the opponent of the evidence.'"  Montiel v. City of Los Angeles, 2 F.3d 335, 341 (9th Cir. 1993) (quoting Keith v. Volpe, 858 F.2d 467, 481 (9th Cir. 1988)).  These documents will be certified and self-authenticating under

Fed. R. Evid. 902(4).

The Ninth Circuit has explicitly held that the documents from the defendant's A-File are non-testimonial in nature, and therefore, the admission of these documents does not violate the defendant's Sixth Amendment rights. <u>United States v. Valdovinos-Mendez</u>, 641 F.3d. 1031 (9th Cir. 2011) (relying on <u>United States v. Bahena-Cardenas</u>, 411 F.3d 1067, 1075 (9th Cir. 2005), and <u>United States v. Orozco-Acosta</u>, 607 F.3d 1156, 1163 (9th Cir. 2010)).

At trial, Border Patrol Agent Jason Shroyer will be called to testify regarding the immigration documents contained in Defendant's A-File, record-keeping procedures, and the significance of certain documents in the file and such testimony will be based on her personal, on-the-job experience. <u>See</u> Fed. R. Evid. 701 (such testimony is "helpful to a clear understanding of the determination of a fact in issue"); <u>Loyola-Dominguez</u>, 125 F.3d at 1317 (agent "served as the conduit through which the government introduced documents" from A-file). For example, Agent Shroyer will testify about the Warrant of Removal [<u>see</u> <u>Bahena-Cardenas</u>, 411 F.3d at 1075], the Immigration Judge's Order and Expedited Removal and the Warning [<u>see</u> Orozco-Acosta, 607 F.3d at 1163.] As such, the Court should admit documents from Defendant's A-File.

## C. THE COURT SHOULD ADMIT TESTIMONY ABOUT PUBLIC DATABASES

The United States seeks to admit evidence from the A-File custodian concerning public database searches that he performed in order to prove, among other things, an absence of records, namely that Defendant did not have prior permission to enter the United States. The Ninth Circuit has held that this evidence is admissible. <u>United States v. Valdovinos-Mendez</u>, 641 F.3d. 1031 (9th Cir. 2011) (citing Fed. R.

Evid. 1002 and 803(10)). The Ninth Circuit, in relying on Fed. R. Evid. 803(10), held that "public records are an exception to the hearsay rule and testimony from a qualified agent is permitted to show 'that diligent search failed to disclose the record, report, statement, or data compilation, or entry.'" Id. at 1035. The Ninth Circuit also held that, as public records, CIS and CLAIMS databases are self-authenticating. Id.

## D. THE COURT SHOULD ADMIT DEFENDANT'S POST-MIRANDA SWORN STATEMENT

### 1. The Videotape and Translation of Defendant's Statements

#### a. Defendant's Confession Was Voluntary Under 18 U.S.C. § 3501

Defendant was read his Miranda rights at approximately 7:25 A.M., approximately three after he was arrested in the United States. Defendant has made no assertion that his confession was involuntary. Pursuant to 18 U.S.C. § 3501, this Court must make a determination, that the confession was voluntarily made, before it may be admitted into evidence. See 18 U.S.C. § 3501(a). "The test for determining whether a confession is voluntary is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." Amaya Ruiz v. Stewart, 121 F.3d 486, 494 (9th Cir. 1997) (quoting Peterson, 924 F.2d at 817) (internal quotations omitted).

In determining the issue of voluntariness, the five factors set forth in 18 U.S.C. § 3501(b) guide this Court's analysis. See United States v. Anaverde, 64 F.3d 1305, 1311 (9th Cir. 1995). These factors include "(1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the

confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession." 18 U.S.C. § 3501(b). All five statutory factors need not be met to find that statements were voluntarily made. See Anaverde, 62 F.3d at 1313.

Here, Border Patrol Agent Jose Manriquez advised Defendant of his Miranda rights, well within the six-hour safe-harbor. [See DVD of Post-Arrest Statements Attached Hereto as Ex. A; Partial Transcript of Post Arrest Statement Attached hereto as Ex. B.] There is no evidence that Defendant's will was overborne at the time he made his statements, or that his statements were the product of physical intimidation or psychological pressure of any kind. The Court should therefore find the statement admissible pursuant to 18 U.S.C. § 3501.

b.    The Court Should Admit The Videotape and Transcript of Defendant's Post-Arrest Statements Into Evidence

The United States moves to admit the videotape and transcript/translation of Defendant's post-arrest statements into evidence, to play it for the jury, and for the jury to use the transcript/translation while the video is played. Because Defendant's statement is in Spanish, the jury will use the admitted transcript/translation while viewing the video. The United States expects to display the videotape in the original language (Spanish) for the jury, with the English translation appearing as subtitles. Defendant's statements are admissible as non-hearsay. See Rule 801(d)(2).

## E. THE COURT SHOULD ADMIT DEFENDANT'S BIRTH CERTIFICATE

The United States seeks to admit a copy of Defendant's Mexican Birth certificate from his A-file. [See Ex. C, Birth Certificate and Translation.] The birth certificate is relevant because it goes to the element of alienage, which the United States is required to prove beyond a reasonable doubt.  Because Defendant's birth certificate was submitted by him along with his signed application for Temporary Residence, it is an admission by a party opponent under Fed. R. Evid. 801(d)(2). See United States v. Sauceda-Avalos, 225 Fed. Appx. 646 (9th Cir. 2007) (unpublished) (admitting birth certificate attached to application for temporary status as admission by party opponent).  The United States will also introduce a certified English language translation of the birth certificate.  The United States has sent a copy of the birth certificate along with the certified translation to defense counsel and has sought a stipulation regarding the accuracy of the translation of the birth certificate.

## F. THE COURT SHOULD ADMIT EXPERT TESTIMONY

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question.  Fed. R. Evid. 702.  Determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge.  United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994).  An expert's opinion may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field.  Fed. R. Evid. 703.  In addition, an expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact.  Fed. R. Evid. 704.

### 1. Fingerprint Expert David Beers

On May 21, 2014, the United States provided notice of its intent to call an expert witness at trial concerning Defendant's fingerprints, namely, David Beers. Defendant stipulated to the fingerprint card taken at the time of his arrest in open court on May 19, 2014. As such, on David Beers used those fingerprints to compare to the fingerprints contained on the records in Defendant's A-File. His resulting report was produced to Defendant on May 28, 2014.

The United States intends to offer expert testimony to identify Defendant as the person who was previously deported. The United States' fingerprint expert will testify that based upon fingerprint comparisons, Defendant was the same person deported on or about June 7, 1999, July 18, 2012, and January 30, 2014, and who was found in the United States on March 8, 2014. This expert testimony from a trained fingerprint examiner will certainly help the jury resolve questions about the defendant's identity and whether he was found in the United States after being previously deported. Accordingly, the Court should admit the testimony of the United States' fingerprint expert.

### G. THE COURT SHOULD ADMIT EVIDENCE UNDER RULE 609

The United States intends to use Defendant's prior convictions for impeachment purposes under Rule 609. Specifically, should Defendant testify, the United States intends to inquire about Defendant's felony convictions (as provided above in Section II.D Criminal History). If Defendant testifies at trial, he will place his credibility squarely at issue, and the United States should be able to inquire into his convictions.

Federal Rule of Evidence 609(a) provides in pertinent part:

For purposes of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.

Fed. R. Evid. 609(a).  The Ninth Circuit has listed five factors that the district court should balance in making the determination required by Rule 609.  <u>United States v. Browne</u>, 829 F.2d 760, 762-63 (9th Cir. 1987).  Specifically, the court should consider 1) the impeachment value of the prior crime; 2) the point in time of the conviction and the witness's subsequent history; 3) the similarity between the past crime and the charged crime; 4) the importance of the Defendant's testimony; and 5) the centrality of the Defendant's credibility.  <u>Id.</u> at 762-63; <u>see also</u> <u>United States v. Hursh</u>, 217 F.3d 761 (9th Cir. 2000).

Here, the five Browne factors weigh in favor of admissibility with regard to his felony convictions.  The impeachment value of Defendant's prior convictions are high as his repeated disregard for the law casts serious doubt upon his honesty.  Moreover, should Defendant testify, his credibility would become central to the case.

Furthermore, whatever risk of unfair prejudice exists can be adequately addressed by sanitizing each of the felony conviction and providing the jury with a limiting instruction.  Accordingly, the United States should be allowed to introduce evidence of Defendant's prior felony convictions under Fed. R. Evid. 609(a) if Defendant elects to testify at trial.

## H. THE COURT SHOULD ADMIT MULTIPLE REMOVALS AND PRIOR ILLEGAL ENTRIES

The United States intends to admit multiple removals and prior illegal entries as probative evidence of the elements of the offense charged. The Ninth Circuit agrees that this evidence is admissible, and is not considered "other act" evidence under Fed. R. Evid. 404(b). <u>See</u> <u>United States v. Cruz-Escoto</u>, 476 F.3d 1081, 1088 (9th Cir. 2007) (evidence of a prior removal is not 404(b) evidence, because it is an element of the crime); <u>United States v. Martinez-Rodriguez</u>, 472 F.3d 1087, 1091 (9th Cir. 2007) ("Rule 404(b) does not exclude evidence forming an essential element of the charged crime."); <u>United States v. Cano-Matus</u>, No. 07 50218, 274 Fed. Appx. 558 (9th Cir. Apr. 18, 2008) (unpublished) (In § 1326 case before Judge Moskowitz, the district court did not abuse its discretion in admitting evidence that defendant had been removed from the United States multiple times); <u>United States v. Sanchez-Estrada</u>, No. 09-50320, 2010 WL 3469670, at *1 (9th Cir. Sept. 3, 2010) (unpublished) (In § 1326 case before Judge Sammartino, the district court did not abuse its discretion in admitting evidence that defendant had been removed from the United States on five prior occasions because the prior removals were offered to prove that defendant crossed the border with the specific intent to avoid official restraint by demonstrating that defendant was familiar with the port and could have easily sought official restraint by approaching the authorities at the pedestrian entrance).

Here, the United States intends to offer evidence regarding Defendant's prior removals and illegal reentries into the United States. The United States contends that this evidence, along with other evidence also provided to Defendant, may be offered by the United States in its case-in-chief as proof of elements of § 1326 (namely, as evidence of the fact Defendant had been previously removed, as evidence of

Defendant's alienage, as evidence that Defendant acted with the knowledge he was crossing the border illegally, and as evidence that Defendant had the intent to avoid official restraint).  Moreover, the United States intends to admit more than one prior deportation (June 7, 1999, July 18, 1012, January 30, 2014) as evidence to prove deportation, alienage, and Defendant's lack of permission to reenter the United States.

## I.  THE COURT SHOULD ADMIT THE CONVICTION DOCUMENTS FROM DEFENDANT'S PRIOR 1325 CONVICTION

Defendant is charged with a violation of 8 U.S.C. § 1325, which requires the United States to prove beyond a reasonable doubt a prior conviction for 8 U.S.C. § 1325.  See United States v. Rodriguez-Gonzales, 358 F.3d 1156, 1160 (9th Cir. 2004).  The Ninth Circuit has found that "the most reliable evidence to prove a conviction is the presentation at trial of a certified copy of the prior conviction." United States v. Arriaga-Segura, 743 F.2d 1434, 1436 (9th Cir. 1984).  The United States therefore intends to introduce evidence, in the form of certified conviction documents of Defendant's prior 1325 conviction, as well as the corresponding fingerprint card from this event, to meet this element of the offense.  See id.; see also United States v. Romero-Corona, 475 Fed. Appx. 142 (9th Cir. 2012) (holding district court did not err in admitting certified conviction documents into evidence to establish prior conviction under 8 U.S.C. § 1325).

## J.  THE COURT SHOULD PRECLUDE ALL EVIDENCE NOT PRODUCED BY THE DEFENSE PRIOR TO TRIAL

Both the Supreme Court and the Ninth Circuit have excluded evidence not produced by the defense prior to trial.  See Taylor v. Illinois, 484 U.S. 400, 410-11 (1988) (excluding evidence that was not identified by the defendant until the middle of trial); United States v. Scholl, 166 F.3d 964, 972 (9th Cir. 1999) (upholding the

exclusion of defense exhibits because they were not disclosed until after the jury was sworn in).  The United States has requested reciprocal discovery from Defendant.  It is permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom the defendants intend to call at trial.  As of the date of these motions, the United States has not received any reciprocal discovery.

The United States also requests that the defendant comply with Rule 26.2 of the Federal Rules of Criminal Procedure which requires the production of prior statements of all witnesses, except for those of the defendant. The United States will object at trial and ask this Court to suppress any testimony of witnesses whose prior statements have not been provided to the United States.

## K. THE COURT SHOULD PRECLUDE EVIDENCE OF VOLUNTARY INTOXICATION

If Defendant seeks to introduce evidence at trial of his voluntary intoxication, the Court should preclude him from doing so voluntary intoxication is not a defense to a general intent crime.  United States v. Burdeau, 168 F.3d 352, 356 (9th Cir. 1999) ("A defense based on voluntary intoxication is available only for a specific intent crime.").  The Ninth Circuit has recognized that illegal reentry and being found in the United States are general intent crimes.  See United States v. Flores-Villar, 536 F.3d 990, 999 (9th Cir. 2008).  The Court should therefore preclude evidence of Defendant's voluntary intoxication.

## L. THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS OR NECESSITY

Defendant should be precluded from presenting evidence or argument that he committed the charged offense due to duress or necessity. The Ninth Circuit has long held "that a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof." United States v. Vasquez-Landaver, 527 F.3d 798, 802 (9th Cir. 2008). Defendant must make a similar prima facie showing in order to present a necessity defense. United States v. Dorrell, 758 F.2d 427, 430 (9th Cir. 1985).

The Ninth Circuit has repeatedly approved the exclusion of evidence of duress or necessity where the evidence described in the offer of proof is legally insufficient to establish the defense. See United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1991) ("A district court may preclude a necessity defense where the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense.") (internal quotations omitted); United States v. Moreno, 102 F.3d 994, 997-98 (9th Cir. 1996) (affirming district court's decision to preclude evidence of duress defense where evidence legally insufficient to establish the defense).

In order to rely on a defense of duress, each Defendant must establish a prima facie case that:

(1)     Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2)     Defendant had a well-grounded fear that the threat would be carried out; and

(3)     There was no reasonable opportunity to escape the threatened harm.

See United States v. Bailey, 444 U.S. 394, 410 11 (1980); Moreno, 102 F.3d at 997. "Fear alone is not enough to establish a prima facie case of duress; the defendant must establish all three elements." Moreno, 102 F.3d at 997. "In the absence of a prima facie showing of duress, evidence of duress is irrelevant and may be excluded, and a jury instruction is not appropriate." United States v. Ibarra-Pino, 657 F.3d 1000, 1004 (9th Cir. 2011); see also Bailey, 444 U.S. at 416.

A defendant must establish the existence of four elements to be entitled to a necessity defense:

> (1)    That he was faced with a choice of evils and chose the lesser evil;

> (2)    That he acted to prevent imminent harm;

> (3)    That he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

> (4)    That there was no other legal alternative to violating the law.

See Schoon, 971 F.2d at 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985). A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." Schoon, 971 F.2d at 195; see also Ibarra-Pino, 657 F.3d at 1006-07 (affirming Judge Lorenz's decision to preclude a duress defense and not provide a duress instruction, and noting that defendant had an "opportunity to alert authorities during the primary inspection," and did not try to "escape the threatened harm by cooperating with authorities at the first opportunity.")

"Under any definition of these defenses one principle remains constant: if there was a reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm, the defenses will fail." Bailey, 444 U.S. at 411.

The United States hereby moves for a ruling precluding defense counsel from making any comments during the opening statement or case-in-chief that relate to any defense of "duress," "coercion," or "necessity" unless Defendant can make a prima facie showing satisfying every element of the defense.

## M.  COURT SHOULD PROHIBIT CERTAIN REFERENCES BY DEFENDANT

### 1.  Prohibit Reference to Defendant's Prior Residency

If Defendant seeks to introduce evidence at trial of any former residence in the United States, legal or illegal, the Court should preclude him from doing so.  This evidence is irrelevant, inconsistent with congressional intent, and unduly prejudicial.  In United States v. Ibarra, 3 F.3d 1333, 1334 (9th Cir. 1993), overruled on limited and unrelated grounds by United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), the district court granted the United States' motion in limine to preclude the defendant from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a § 1326 prosecution.  Id.  The Ninth Circuit affirmed, reasoning that the district court properly excluded the evidence as irrelevant because the defendant had failed to demonstrate how the evidence could possibly affect the issue of his alienage.  As such, the Court should prohibit reference to Defendant's prior residency in the United States—legal or illegal.

### 2. Prohibit Reference to Drones

The Court should preclude any reference by Defendant to drones.  At Defendant's request the United States verified that no drones were involved in Defendant's apprehension and moreover that there were no CBP drones patrolling the border in Southern California on March 7-8, 201   4.  Because there is no evidence

of any drone involvement in Defendant's apprehension and such involvement would be impossible, the Court should prohibit any reference to drones as irrelevant and likely to mislead the jury.

### 3. Prohibit Reference to Alleged Document Destruction or Poor Recordkeeping

The United States seeks to exclude the Defendant from making reference or eliciting testimony regarding (former) Immigration and Naturalization Services' ("INS"), now Department of Homeland Security's record keeping or access to information and records. Specifically, the United States seeks to preclude reference to argument that (1) INS computers are not fully interactive with other federal agencies' computers, (2) over two million documents filed by immigrants have been lost or forgotten, (3) other federal agencies have the ability and authority to apply for an immigrant to come into the United States, or (4) the custodian of the A-File never checked with other federal agencies to inquire about documents relating to the Defendant. Such argument is irrelevant based upon the facts of this case as there has been no proffer or mention by the Defendant that he ever made application to seek reentry after deportation. See United States v. Rodriguez-Rodriguez, 364 F.3d 1142 (9th Cir. 2004) (affirming Judge Lorenz's rulings to deny such testimony in a § 1326 "found-in" case with similar facts).

### 4. Prohibit Reference to Age, Health, Finances, Education, and Punishment

Evidence and argument referring to Defendant's health, age, finances, education and potential punishment is inadmissible and improper. As noted previously, Rule 402 provides that "[e]vidence which is not relevant is not admissible," and Rule 403 provides that even relevant evidence may be inadmissible

"if its probative value is substantially outweighed by the danger of unfair prejudice."

The Ninth Circuit Model Jury Instructions explicitly instruct jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." 9th Cir. Model Jury Instructions § 3.1 (2010). While Defendant's health, age, finances, education and proper punishment may be relevant at sentencing, 18 U.S.C. § 3553(f), references to such facts at trial are irrelevant, unfairly prejudicial, and blatantly improper plays for sympathy and jury nullification.

**5.    Prohibit Argument by Defense Concerning the "Warning"**

The Court should preclude any argument that Defendant believed: (1) he was not required to obtain the permission from the Attorney General, or his designated successor at the Secretary of the Department of Homeland Security, prior to re-entering the United States; or (2) he had permission to enter the United States based on any confusion or alleged error in the execution of the I-294 Warning to an Alien Deported. The Ninth Circuit held that such a claim is legally insufficient and that such an argument is improper. See <u>United States v. Ramirez Valencia</u>, 202 F.3d 1106, 1109 10 (9th Cir. 2000).

# IV

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that its Motions in Limine be granted.

DATED: June 2, 2014.

Respectfully submitted,
LAURA E. DUFFY

United States Attorney

*s/ Michelle L. Wasserman*
MICHELLE L. WASSERMAN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUFINO PERALTA-SANCHEZ,<br><br>　　　　　Defendant | Case No.:　14CR1308-LAB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Michelle L. Wasserman, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **United States' Motions in Limine** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System.

　　　1.　Samuel Eilers, Esq.

　　　2.　Matthew Binninger, Esq.

　　　I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2014.

　　　　　　　　　　　　　　　　*s/ Michelle L. Wasserman*

　　　　　　　　　　　　　　　　MICHELLE L. WASSERMAN