| | |
|---|---|
| 1 | LAURA E DUFFY |
| 2 | United States Attorney |
|   | MICHELLE L. WASSERMAN |
| 3 | Assistant U.S. Attorney |
| 4 | California Bar No.: 254686 |
|   | Office of the U.S. Attorney |
| 5 | 880 Front Street, Room 6293 |
| 6 | San Diego, CA 92101 |
|   | Tel: (619) 546-8431 |
| 7 | Attorneys for the United States |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 14CR1308-LAB |
|---|---|
| Plaintiff, | |
| v. | **UNITED STATES RESPONSE AND OPPOSTION TO DEFENDANT'S MOTION TO RECONSIDER DEFENDANT'S MOTION TO DISMISS COUNT 2 OF THE INDICTMENT** |
| RUFINO PERALTA-SANCHEZ, | |
| Defendant | |
| | Date: August 4, 2014 |
| | Time: 9:30 A.M. |

The, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Michelle L. Wasserman, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Motion to Reconsider Defendant's Motion to Dismiss.

# I

# STATEMENT OF FACTS

The United States incorporates by reference its statement of facts from its Response and Opposition to Defendant's Motion to Dismiss Count 2 of the Indictment. [Dkt. 18.]

# II

# ARGUMENT

Defendant brings to this Court's attention <u>United States v. Aguilera-Rios</u>, --- F.3d ---, 2014 WL 2723766 (9th Cir. 2014), a recent Ninth Circuit opinion that applied post-removal precedent to find that the defendant was not removable as charged at the time of his deportation. <u>Id.</u> at *4. This Court may reject Defendant's argument that <u>Aguilera-Rios</u> leads to a different result in his case, however, because <u>Aguilera-Rios</u> is distinguishable on its facts, and even if this Court accepts Defendant's argument as to his June 7, 1999 IJ Order, this Court has already found that his July 18, 2012 Expedited Removal was a proper deportation. Because Defendant raises no new arguments as to his Expedited Removal, and this Court has already found that Defendant's Expedited Removal was a valid deportation, this Court should deny Defendant's motion for reconsideration.

### A. <u>Aguilera-Rios</u> Is Distinguishable Because Defendant Has Not Exhausted His Administrative Remedies

In <u>Aguilera-Rios</u>, the Government recognized that the defendant had exhausted his administrative remedies. <u>Aguilera-Rios</u>, 2014 WL 2723766, at *2. Similarly in <u>United States v. Camacho-Lopez</u>, 450 F.3d 928 (9th Cir. 2006), the United States conceded that the defendant had, based on the facts of that case, exhausted his administrative remedies. Here, as the United States noted previously, Defendant has done nothing to exhaust his administrative remedies and exhaustion is not excused. Because the United States has <u>not</u> conceded that Defendant exhausted his

administrative remedies, his reliance on Camacho-Lopez and Aguilera-Rios to establish this element is without merit. [See Def. Mot. at 4.]

An alien fails to exhaust remedies if he does not file a direct appeal from his order of removal to the Board of Immigration Appeals ("BIA"). See United States v. Garza-Sanchez, 217 F.3d 806, 808 (9th Cir. 2000) ("A defendant charged under 8 U.S.C. § 1326 may not collaterally attack the underlying deportation order if he or she did not exhaust administrative remedies in the deportation proceedings, including direct appeal of the deportation order."); cf. Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir. 1994) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter."). Here, Defendant never filed an appeal to the BIA from his order of removal. On the contrary, despite being informed of that right in plain language in the group advisal stage of his removal hearing [Ex. 3 to Government's Response and Opposition to Defendant's Motion to Dismiss Count 2, Dkt. 18, (IJ: "[I]f you disagree with my decision you will have the right to appeal it to the board of immigration proceedings. You may also accept the decision.")], Defendant expressly waived that right at the end of his individual hearing, and left no doubt such was his choice. [Ex. 3 (IJ: "You have the right to appeal my decision if you disagree with it or you may accept my decision. What you would like to do?" Defendant: "I accept it.").]

Under controlling law, this waiver was considered and intelligent, i.e., valid. United States v. Estrada-Torres, 179 F.3d 776, 781 (9th Cir. 1999) (per curiam) (considered and intelligent waiver where the IJ "asked Estrada-Torres individually, 'Do you accept the decision or wish to appeal?,'" and alien noted his acceptance), overruled other grounds by United States v. Rivera-Sanchez, 247 F.3d 905 (9th Cir. 2001) (en banc); United States v. Chavez-Huerto, 972 F.2d 1087, 1088-89 (9th Cir. 1992) (considered and intelligent waiver where, after stating that "if you agree with my decision you may accept it as final. However, if you do not agree with my

decision, you have the right to appeal my decision to a higher court[,]" the IJ asked alien individually, "Mr. Rodrigo Chavez-Huerto, do you wish to appeal or do you accept the decision?," and alien replied, "I accept the decision.").

Defendant claims that his waiver was not "considered and intelligent" and therefore exhaustion was excused because he was not properly advised regarding relief for which he was eligible. See United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1049 (9th Cir. 2003) (defendant exempt from exhaustion requirement "because the IJ did not inform him that he was eligible for relief from deportation."); United States v. Pallares-Galan, 359 F.3d 1088, 1096 (9th Cir. 2004) ("Because the IJ erred when she told Pallares that no relief was available, Pallares' failure to exhaust his administrative remedies cannot bar collateral review of his deportation proceeding."); cf. United States v. Hernandez-Arias, 745 F.3d 1275, 1280 (9th Cir. 2014) ("If the alien establishes a due process violation that prevented his waiver of appeal from being knowing and intelligent, he is excused from the exhaustion requirement.")

But as the Ninth Circuit has held, in determining whether an IJ properly informed an alien of his eligibility for relief, the Court must look to the law at the time of the deportation. United States v. Vidal-Mendoza, 705 F.3d 1012, 1017 (9th Cir. 2013) (holding that an IJ must inform alien of eligibility for relief "under the applicable law at the time of his deportation hearing" and that an IJ "need not anticipate future 'change[s] in law'" when determining eligibility for relief from removal). Here, at the time of Defendant's deportation, the BIA had held that DUI was an aggravated felony. See In re Magallanes-Garcia, 22 I. & N. Dec. 1 (BIA March 19, 1998) (construing Arizona DUI and concluding that it was a crime of violence under 18 U.S.C. § 16(b) and therefore an aggravated felony). Shortly thereafter, the BIA held, en banc, that DUI was an aggravated felony. See In re Puente-Salazar, 22 I. & N. Dec. 1006 (BIA Sept. 29, 1999) (construing Texas DUI). Thus as the IJ correctly noted, at the time Defendant was deported "driving under the

influence of alcohol has been determined to be a crime of violence by the board of immigration appeals." [Ex. 3.] Defendant was therefore correctly advised as to his eligibility for relief, and exhaustion is not excused. See Vidal-Mendoza, 705 F.3d at 1017; Ubaldo-Figueroa, 364 F.3d at 1049.

Defendant's assertion that he was not removable as charged does not change the exhaustion analysis. If an IJ never tells an alien about relief for which he could have applied, the alien cannot meaningfully waive his right to appeal from the failure to grant that relief, therefore exhaustion is excused. See United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000) ("an alien who is not made aware that he has a right to seek relief necessarily has no meaningful opportunity to appeal the fact that he was not advised of that right"). This same issue does not arise as to the removability stage of the proceedings. Long before an alien even sets his first foot before an IJ, he will already know the charges upon which he stands to be removed, as they must be listed in a Notice to Appear. See 8 C.F.R. § 1003.15(b)(4) (Notice to Appear "must" include "[t]he charges against the alien and statutory provisions alleged to have been violated"). Further, the law is clear that aliens can only be removed for charges actually listed in a Notice to Appear. See Al Mutarreb v. Holder, 561 F.3d 1023, 1029 & n.8 (9th Cir. 2009). So, an alien will always know the charge the IJ sustained in finding him removable – such that if he disagrees with that ruling, he already knows everything he needs to know to meaningfully waive (or exercise) his right to appeal that ruling.

Because Defendant has not met his obligation to establish exhaustion of his administrative remedies, and cannot do so, the Court should deny his motion for reconsideration.

### B. Defendant's Collateral Attack of His July 18, 2012 Expedited Removal Still Fails

Even accepting Defendant's argument that exhaustion is excused, this Court correctly relied upon Defendant's Expedited Removal as an additional basis on which to deny Defendant's 1326(d) motion. The United States fully briefed this issue in its first motion response, and Court has already held that Defendant's Expedited Removal was a valid deportation. Because Defendant does no more than re-raise the arguments this Court has already rejected, this Court should deny his motion.

### III
### CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's motion for reconsideration.

Date: July 28, 2014

> Respectfully submitted,
> LAURA E. DUFFY
> United States Attorney
>
> *s/ Michelle L. Wasserman*
> MICHELLE L. WASSERMAN
> Assistant United States Attorney

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 14CR1308-LAB |
|---|---|
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| RUFINO PERALTA-SANCHEZ, | |
| Defendant | |

IT IS HEREBY CERTIFIED THAT:

I, Michelle L. Wasserman, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **United States' Response and Opposition to Defendant's Motion to Reconsider Defendant's Motion to Dismiss Count 2 of the Indictment** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System.

1. Samuel Eilers, Esq.
2. Matthew Binninger, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2014.

*s/ Michelle L. Wasserman*
MICHELLE L. WASSERMAN
